Slip Op. 14-141

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **FEDMET RESOURCES CORPORATION,** | |
| Plaintiff, | |
| v. | **Before: Timothy C. Stanceu, Chief Judge** |
| **UNITED STATES,** | **Court No. 14-00297** |
| Defendant. | |

## OPINION AND ORDER

[Denying defendant's motion to stay action contesting a determination by U.S. Customs and Border Protection to require additional bonding on plaintiff's entries of magnesia carbon bricks]

Date: December 8, 2014

*Donald B. Cameron*, Morris, Manning & Martin LLP, of Washington, DC, for plaintiff Fedmet Resources Corporation. With him on the brief were *Julie C. Mendoza*, *R. Will Planert*, *Brady W. Mills*, *Mary S. Hodgins*, and *Sarah S. Sprinkle*.

*Patricia M. McCarthy*, Assistant Director, *Amy M. Rubin*, Assistant Director, and *Melissa M. Devine*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States. With them on the brief were *Joyce R. Branda*, Acting Assistant Attorney General, and *Jeanne E. Davidson*, Director. Of counsel on the brief was *Paula S. Smith*, Attorney, Office of the Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Stanceu, Chief Judge: In this action, plaintiff Fedmet Resources Corporation ("Fedmet")

challenges a determination by U.S. Customs and Border Protection ("Customs" or "CBP")

requiring Fedmet to post single transaction bonds ("STBs") equal to 260.24% *ad valorem* for

each of four entries of Fedmet's imports of magnesia carbon bricks ("MCBs"). Citing

section 706(2) of the Administrative Procedure Act, 5 U.S.C. § 706(2)(2012), plaintiff claims

that the decision by Customs requiring Fedmet to post the STBs was "'arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law.'"  Compl. ¶¶ 3-4 (Nov. 12, 2014), ECF No. 5 ("Compl.").  Plaintiff notes that the 260.24% *ad valorem* cash deposit rate was derived from estimated antidumping duty ("AD") and countervailing duty ("CVD") orders (the "Orders") on MCBs from the People's Republic of China ("China" or the "PRC") and argues that Customs exceeded its authority under 19 U.S.C. § 1623 (2012) and 19 C.F.R. § 113.13(d) (2014) by failing to provide adequate reasons for imposing the bond requirement on the merchandise, which Fedmet had entered as products of Vietnam.  *Id*. (citing *Certain Magnesia Carbon Bricks From the People's Republic of China: Final Determination of Sales at Less Than Fair Value and Critical Circumstances*, 75 Fed. Reg. 45,467 (Int'l Trade Admin. Aug. 2, 2010); *Certain Magnesia Carbon Bricks From the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 75 Fed. Reg. 45,472 (Int'l Trade Admin. Aug. 2, 2010)); Mem. of Law in Supp. of Pl.'s Appl. for a TRO & Mot. for a Prelim. Inj. 12-13 (Nov. 12, 2014), ECF No. 8 (public) ("Pl.'s Public Inj. Br.").

Before the court is a motion by defendant United States to stay the filing of the administrative record pending the court's decision on a motion to dismiss this case that defendant filed on the same date.  Def.'s Mot. to Stay the Filing of the Admin. R. (Dec. 4, 2014), ECF No. 24 ("Stay Mot.").  Defendant indicates in its motion that plaintiff opposes a stay.  *Id.* at 1. The court denies defendant's motion to stay for the reasons discussed herein.

## I. BACKGROUND

Fedmet is a United States importer of MCBs and was the importer of record for four entries of MCBs that are at issue in this case.  Compl. ¶ 1, 6.  On September 3, 2014, Fedmet attempted to enter at the Port of Chicago a shipment of MCBs that was described on entry documents as being of Vietnamese origin.  *See* Pl.'s Public Inj. Br. 4.

On September 15, 2014, Fedmet received from Customs at the Port of Chicago an Entry/Summary Rejection Sheet pertaining to the September 3, 2014 shipment that arrived at that port. Pl.'s Public Inj. Br. 4; Mem. of Law in Supp. of Pl.'s Appl. for a TRO & Mot. for a Prelim. Inj., Attach. 2 at Ex. 1 (Nov. 12, 2014), ECF No. 12 (conf.) ("Pl.'s Conf. Inj. Br."). By this document, Customs sought a single transaction bond in the amount of 260.24%, explaining that "[t]his amount covers the current cash deposit rate for Magnesia Carbon Bricks from China per Department of Commerce Antidumping and Countervailing Duty orders A570-954 (236%) and C570-955 (24.24%)."[1] Pl.'s Public Inj. Br. 4; Pl.'s Conf. Inj. Br., Attach. 2 at Ex. 1. Customs added that "[t]he merchandise will not be released until the STB is received." Pl.'s Public Inj. Br. 4; Pl.'s Conf. Inj. Br., Attach. 2 at Ex. 1. On September 22, 2014, Fedmet received a second Entry/Summary Rejection Sheet from Customs pertaining to a second shipment that Fedmet attempted to enter at the Port of Chicago on September 4, 2014. Pl.'s Public Inj. Br. 4; Pl.'s Conf. Inj. Br., Attach. 2 at Ex. 1.

On October 9, 2014, Fedmet made a written request to Customs at the Port of Chicago to reconsider the STB requirement for the Chicago entries. Pl.'s Public Inj. Br. 5; Pl.'s Conf. Inj. Br., Attach. 2. As of November 12, 2014, Fedmet reported that it had not received a written response to its October 9, 2014 submission. Pl.'s Public Inj. Br. 5.

---

[1] On August 2, 2010, the U.S. Department of Commerce ("Commerce") issued antidumping and countervailing duty orders on magnesia carbon bricks from the People's Republic of China ("China" or the "PRC"), which resulted in a "PRC wide Entity" antidumping weighted-average margin of 236.00% and an "all others" net countervailing subsidy rate of 24.24% *ad valorem*. *See Certain Magnesia Carbon Bricks From the People's Republic of China: Final Determination of Sales at Less Than Fair Value and Critical Circumstances*, 75 Fed. Reg. 45,467, 45,471 (Int'l Trade Admin. Aug. 2, 2010); *Certain Magnesia Carbon Bricks From the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 75 Fed. Reg. 45,472, 45,474 (Int'l Trade Admin. Aug. 2, 2010).

Fedmet received two additional Entry/Summary Rejection Sheets from Customs, both dated November 6, 2014, pertaining to two shipments that Fedmet attempted to enter at the Port of Cleveland. Compl. ¶ 19. Both rejection sheets stated that "[t]he country of origin for magnesia carbon brick is believed to be China" and directed Fedmet to post a single transaction bond ("STB") of 260.24% for each of these entries. *Id*.; Pl.'s Conf. Inj. Br., Attach. 1, Ex. 3.

Fedmet initiated this action by filing a summons and a complaint on November 12, 2014 challenging the STB requirement for the two entries at the Port of Chicago and the two entries at the Port of Cleveland. Summons, ECF No. 1; Compl., ECF No. 5.

The court conducted two telephone conferences, on November 13, 2014 and November 17, 2014, with the parties to this action. Based on agreements reached during these conferences, the court entered an expedited scheduling order on November 17, 2014. Order, ECF No. 17 ("Scheduling Order"). The scheduling order required Customs to answer plaintiff's complaint by December 1, 2014 and to file the administrative record by December 5, 2014. *Id.* at 1. On December 1, 2014, defendant filed a consent motion for an extension of time until December 5, 2014 to file its answer to the complaint and an extension of time until December 9, 2014 to file the administrative record. Def.'s Consent Mot. for Extension of Time, ECF No. 21. The court granted this motion. Order (Dec. 3, 2014), ECF No. 21 ("Extension of Time Order").

On December 4, 2014, defendant filed its motion to dismiss under USCIT Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction due to mootness. Def.'s Mot. to Dismiss 1, ECF No. 23. Defendant argues that the case is now moot because Fedmet has redirected the Chicago entries to Canada and posted STBs for the Cleveland entries. *Id.* at 1, 3.

Defendant simultaneously filed its motion requesting that the court stay the filing of the administrative record pending the court's ruling on the motion to dismiss. Stay Mot. 1.

## II. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("*Landis*"). The decision of when and how to stay a proceeding rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). In making this decision, the court is to "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 257. Where a stay might damage another party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255.

The court will deny the stay motion because the competing interests do not support a stay. Defendant submits that if the court dismisses the action "no record will be necessary" and that "[a]s we demonstrate in our simultaneously-filed motion to dismiss, Fedmet's entire case is moot and this Court does not possess jurisdiction to entertain any of Fedmet's challenges with respect to the four entries that are encompassed by this action." Stay Mot. 1. Defendant concludes that '[i]t would be premature, a misuse of resources, and indeed inappropriate for the Government to be required to file the administrative record at this time." *Id.*

The issue of whether or not this case has become moot will require the court to ascertain, by whatever means are necessary, certain jurisdictional facts, including in particular factual circumstances that may surround Fedmet's posting of the STBs to which defendant alludes in its motion to dismiss. Plaintiff's response to the motion to dismiss may shed light on those facts.

Plaintiff has the right under USCIT Rule 7(d) to respond to defendant's motion to dismiss within thirty days after service of that motion; defendant nevertheless would have the court delay this action before hearing plaintiff's response. Plaintiff's counsel, in keeping with the expedited nature of this case, has informed the court that it plans to file a response to the motion to dismiss more expeditiously than is required by Rule 7(d). Because defendant's motion to dismiss raises issues the adjudication of which likely will depend, at least in part, on plaintiff's response to that motion, the court will not presume that this case is moot and will not grant a stay that could delay the resolution of this expedited case to the prejudice of the plaintiff. Defendant has not established that it will incur hardship or inequity if required to go forward. *See Landis*, 299 U.S. at 255.

At this stage, the court considers it prudent to avoid delay resulting from the absence of an administrative record on which this case could proceed. As plaintiff alleges that "CBP has refused to disclose to Fedmet any information concerning the basis for its apparent suspicion regarding the origin of the MCBs . . . ," Compl. ¶ 4, the administrative record is likely to bear directly on the issue raised in this action. Per the agreement of the parties and based on the consideration that this case merits expedited proceedings, the court entered an expedited schedule for this case. *See* Scheduling Order 1. During the November 17, 2014 teleconference with the court, defendant agreed to submit the administrative record by December 5 2014. The court discerns no material hardship to defendant that will result from the filing of the administrative record, a filing to which defendant has agreed. The court, with plaintiff's consent, already has granted one extension of time beyond the initial deadline for this filing. *See* Extension of Time Order 1. No further delay is warranted.

### III.  CONCLUSION AND ORDER

For the reasons described herein and upon consideration of all papers and proceedings in

this case, and upon due deliberation, it is hereby

**ORDERED** that Defendant's Motion to Stay the Filing of the Administrative Record
(Dec. 4, 2014), ECF No. 24, is denied; and it is further

**ORDERED** that defendant shall file the administrative record on or before
December 9, 2014, in accordance with the court's scheduling order entered on
November 17, 2014, as amended.  *See* Order, ECF No. 17; Order (Dec. 3, 2014), ECF No. 21.

/s/Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated: December 8, 2014
         New York, New York